THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY
OF NEW YORK, Appellants, *against* ALONZO T. DECKER
*et al.*, Respondents.

(Decided March 15th, 1883.)

A district court in the city of New York has not jurisdiction of an action
for a penalty prescribed by a regulation of the Department of Docks of
that city for neglect to remove merchandise from a wharf or pier.

APPEAL from a judgment of a district court in the city
of New York.

The facts are stated in the opinion.

VAN HOESEN, J.—Section 3215 of the Code of Civil
Procedure defines the jurisdiction of the district courts of
the city of New York; and whether or not a district court
has jurisdiction of this action is to be determined by a
reference to that section, for it is conceded that nowhere
else can be found any statutory provision that gives to dis-
trict courts jurisdiction of an action to recover a penalty.

Subdivision 2 of that section provides that a district
court shall have jurisdiction of an action to recover a
penalty given, first, by the charter of the city of New
York; secondly, by any by-law or ordinance of the common
council of that city; or, thirdly, by a statute of the state.

It will be seen that a distinction is made between a
penalty created by a statute and a penalty created by a by-
law or an ordinance. · If a penalty created by an ordinance,
passed in pursuance of an authority conferred by statute,
were, as the Corporation Counsel contends, a penalty given
by statute, the legislature would not have drawn that dis-
tinction, and all that the section would have contained
would have been a grant of jurisdiction in an action to re-
cover a penalty given by a statute.

The charter of the city of New York gave no penalty for
a neglect to remove merchandise from a wharf or pier. It

Mead *v.* Jack.

merely authorized the Dock Department to fix penalties for disobedience of its orders, rules and regulations. In pursuance of this authority, the Dock Department made a regulation that requires the removal of merchandise from a wharf, pier or bulkhead within twenty-four hours after the corporation wharfinger orders such removal, and prescribed a penalty for a neglect or refusal to comply with the wharfinger's order.

It is obvious that the penalty was not given by a statute, by the charter of the city, or by any ordinance of the common council. A district court had not, therefore, jurisdiction of the action.

We decline to enlarge the jurisdiction of the district courts by construction, as the Corporation Counsel urges us to do, though we see no reason why an application should not be made to the legislature for an amendment to the Code that will give to the district courts jurisdiction of this class of cases.

CHARLES P. DALY, Ch. J., concurred.

Judgment affirmed, with costs.